IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 01-cv-02199-MSK-MEH

MICHAEL E. CLAWSON, and
JARED L. DILLON,

       Plaintiffs,
v.

MOUNTAIN COAL COMPANY, LLC,
ARCH WESTERN RESOURCES, LLC, and
ARCH COAL, INC.,

       Defendants.
_____

**ORDER ON PLAINTIFF'S MOTION FOR LIMITED DISCOVERY**
_____

Before the Court is Plaintiff's Motion for Limited Discovery in Regard to Attorney Fees and Costs and Request for Expedited Relief [Docket #506]. This matter has been referred to this Court [Docket #507]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** the Motion for Limited Discovery.

**I.**      **Facts**

Plaintiff Michael Clawson prevailed at trial against Defendants on his claim for failure to accommodate and discriminatory discharge under the Americans with Disabilities Act. As the prevailing party, Plaintiff filed a Motion for Attorney's Fees on April 10, 2007, followed by a Motion to Supplement the Motion for Attorney's Fees on May 14, 2007. After Defendants were granted extensions for filing their responses, Defendants responded on June 1, 2007. Plaintiff, likewise, sought extensions for the Reply deadline, which was reset twice to July 19, 2007, and is now held in abeyance pending the resolution of this Motion.

The instant motion, filed on July 9, 2007, requests the Court to allow limited discovery as to Defendants' billing records to allow Plaintiff to refute claims by Defendants that his attorneys' hourly rates are unreasonable, that the amount of time spent of various portions of the case is unreasonable, and that the number of attorneys staffing the case was unreasonable.  In response, Defendants first point out Plaintiff's delay in seeking this discovery and the significant time that would be required to produce these documents, given the fact that Plaintiff is seeking 200 hours of time for his fee preparation and his billing records consist of 481 pages.  Defendants further argue that the information sought is irrelevant in that they object to Plaintiff's counsel seeking their current hourly rate for hours billed as much as six years ago, that the objectionable portions of time are supported by the record, for example, motions in which Plaintiff allegedly took an unreasonable position, and that the number of attorneys present for Defendants at any given hearing is also a matter of public record.

## II.     Discussion

It is within this Court's discretion to allow discovery into opposing counsel's billing records. *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986).  This material may be relevant to a determination of whether Plaintiff's hours are reasonable. *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983).  Nevertheless, this Court should not allow the issue of attorney's fees to evolve into a second major lawsuit. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

In this case, the Court believes that the billing records sought are not sufficiently relevant to allow discovery at this late date.  As set forth above, Plaintiff's Motion for Attorney's Fees has been pending since April 10, 2007, and the likelihood that Defendants' billing records would be relevant to this issue has been evident for at least as long.  The jury reached a verdict in favor of Plaintiff on

April 21, 2006, and after post-trial motions, judgment was entered in Plaintiff's favor on March 28, 2007. Defendants' Responses to the Motions were filed on June 1, 2007, over five weeks before Plaintiff requested this discovery. Plaintiff provides no argument as to why he waited this late to seek this discovery. The extent of this discovery at this late date sought on an expedited basis would, indeed, make this issue a second major lawsuit.

In addition, the Court finds that the discovery, although marginally relevant, is not at all necessary for this Court to make an independent determination as to the reasonableness of Plaintiff's fees, in part because Plaintiff has been granted leave to file an expert report with his Reply. *McInnis v. Fairfield Communities, Inc.*, 458 F.3d 1129 (10th Cir. 2006) (affirming denial of discovery and noting that, on remand, Plaintiff will be able to file an expert report with the Reply). The record in this case sets forth each motion filed by both parties, as well as the Court's Orders on those motions. Whether either party's position was frivolous or substantially justified is, therefore, easily ascertainable, as is the number of attorneys representing both parties at any hearing. More importantly, the hours Defendants' counsel expended on any matter is not the only manner in which this Court can determine the reasonableness of the hours expended by Plaintiff's counsel, and Defendant's arguments go primarily to Plaintiff's degree of success on various issues. *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 (10th Cir. 1998); *see also Davis v. Fidelity Techs. Corp.*, 180 F.R.D. 329, 331 (W.D. Tenn. 1998) (explaining that some courts consider opposing counsel's billing records irrelevant because they may have employed more experienced counsel, they may believe the case has higher precedential value, or they may be defending against a claim for treble damages). Finally, whether Plaintiff may seek the current hourly rates of counsel for all hours expended over the past several years is governed by Tenth Circuit law, not Defendants' billing records. Accordingly,

the marginal relevance of Defendants' billing records, given this Court's ability to otherwise assess the reasonableness of Plaintiff's fees, coupled with the prejudice of such a late request necessitates a denial of this motion.

## III.     Conclusion

For the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for Limited Discovery in Regard to Attorney Fees and costs and request for Expedited Relief [Filed July 9, 2007; Docket #506] is **denied**.  Plaintiff's Replies supporting its Motions for Fees are to be filed no later than July 30, 2007.

Dated at Denver, Colorado, this 26th day of July, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge